UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JULIUS ROSS,

        Petitioner,

vs.                                             CASE NO. 8:09-cv-1348-T-27TGW
                                               CRIM. CASE NO. 8:08-cr-218-T-27TGW

UNITED STATES OF AMERICA,

        Respondent.
_____/

**ORDER**

**BEFORE THE COURT** is Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. 19), the Government's Response (CV Dkt. 23) and Petitioner's Reply (CV Dkt. 28). Upon consideration, the court DENIES Petitioner's motion in part and orders an evidentiary hearing on one of Petitioner's ineffective assistance claims.

**Procedural Background**

Petitioner was charged in a one-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (CR Dkt. 1). On August 12, 2008, Petitioner pleaded guilty pursuant to a plea agreement.[1] (CR Dkts. 28, 30). On January 28, 2009, Petitioner

---

[1] Petitioner's plea agreement includes an appeal waiver:

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code,

was sentenced to seventy-eight months imprisonment to be followed by three years of supervised release (CR Dkt. 54). Petitioner filed no direct appeal.

The court received Petitioner's original Section 2255 motion alleging four grounds for relief on July 17, 2009 (CR Dkt. 56; CV Dkt. 1). On December 18, 2009, before the Respondent filed a response to the original motion, Petitioner filed a motion to supplement his Section 2255 motion in which he sought to add a fifth claim.[2] The court granted Petitioner's motion to supplement and specifically determined that the new claim was timely filed in accordance with Section 2255's one-year limitation (CV Dkt. 18). The court, noting that Petitioner's proposed amended Section 2255 motion omitted two claims raised in the original motion, directed Petitioner to file an amended motion setting out all claims for relief by April 7, 2010. Petitioner complied and filed his amended motion (CV Dkt. 19) on March 31, 2010. The Respondent makes no challenge to the timeliness of Petitioner's four original claims for relief but contends that the amended claim (ground five) was untimely filed. Based upon the court's order (CV Dkt. 18) specifically finding this fifth claim timely, the court considers the merits of all five claims.

In his amended motion, Petitioner raises five grounds for relief:

**Ground One:** Counsel rendered ineffective assistance by failing "to address the illegal arrest of Petitioner during the initial stages of [the] police investigation;"

**Ground Two:** Counsel rendered ineffective assistance by failing to address an illegal body search of Petitioner by police;

**Ground Three:** Counsel rendered ineffective assistance by failing to file a supplemental brief challenging the Government's opposition to

---

Section 3742(a).
(CR Dkt. 34, p. 11).

[2] Petitioner attached to his motion to supplement a proposed amended Section 2255.

       Petitioner's motion to suppress and failing to preserve Petitioner's right to appeal the court's denial of the motion to suppress;

**Ground Four:** Counsel rendered ineffective assistance by failing to file an appeal after Petitioner instructed counsel to do so;

**Ground Five:** Petitioner involuntarily entered his plea based on misadvice from counsel

## Discussion

**Ground Five**

Petitioner contends that he involuntarily entered his plea based on misadvice from counsel. He asserts that counsel "stated to petitioner that it would be best if Petitioner signed the plea agreement to avoid additional charges based on the ammunition the firearm contained and the arrest of Petitioner's mother on all of the same charges as Petitioner" (CV Dkt. 20, p. 14). Petitioner further claims that he "refused to sign the plea agreement and counsel reiterated that if Petitioner didn't sign the plea that Petitioner's mother would be immediately arrested. At that point and [sic] time Petitioner conceded and signed the plea agreement based on the fear of his mother being arrested and receiving additional charges." Petitioner claims that counsel reiterated during the plea hearing that if Petitioner did not follow through with changing his plea, Petitioner's mother would immediately be arrested. This fear allegedly prevented Petitioner from bringing the issue to the court's attention at either the change of plea hearing or the sentencing hearing. In support of this contention, Petitioner has submitted a notarized statement from his mother that reads:

> I, Minnie Ross, mother of Julius Ross, am writing this statement to let it be known that Att[orne]y Thomas Ostrander said to me if Julius Ross did not accept responsibility that they would come after me.

(CV Dkt. 20, Ex. C).

3

Contrary to Petitioner's allegations, the record shows that Petitioner entered his plea knowingly and voluntarily and that the magistrate judge apprised Petitioner that he could only withdraw his plea under very limited circumstances:

| | |
|---|---|
| Court: | . . . Keep in mind that once you plead guilty in this case and the district judge accepts that plea, it is virtually impossible for you to withdraw it. Do you understand that? |
| Defendant: | Yes, ma'am. |

. . .

| | |
|---|---|
| Court: | Did anyone threaten you to get you to appear here today? |
| Defendant: | No, ma'am. |
| Court: | Did anyone promise you anything in exchange for that [plea] agreement? |
| Defendant: | No, ma'am. |
| Court: | Let me ask you now, sir, some questions to assess your competence. Tell me your age. |
| Defendant: | Thirty-one. |
| Court: | How far did you go in school? |
| Defendant: | High school graduated [sic], vocational technical school. |
| Court: | Do you read and speak English fluently? |
| Defendant: | Yes, ma'am. |
| Court: | Are you currently under the influence of drugs or alcohol? |
| Defendant: | No, ma'am. |
| Court: | Are you under the care of a doctor or mental healthcare provider for any purpose? |

| | |
|---|---|
| Defendant: | No, ma'am. |
| Court: | Have you taken any medicine in the last 24 hours? |
| Defendant: | No, ma'am. |
| Court: | Do you suffer from any mental, emotional, physical illness or disease that keeps you from understanding these proceedings? |
| Defendant: | No, ma'am. |
| Court: | Now, [counsel] represents you in this case? Are you satisfied with the representation he has provided? |
| Defendant: | Yes, ma'am. |
| Court: | Have you asked him to do anything for you that he has failed to do? |
| Defendant: | No, ma'am. |
| Court: | Have you asked him to do anything for you that he has done in an unsatisfactory manner? |
| Defendant: | No, ma'am. |
| Court: | The reason I ask this series of questions, Mr. Ross, is that based upon the terms of this plea agreement the Government will take the position that once you have been adjudicated guilty, that you cannot later challenge the quality of your representation as a basis for overturning your finding of guilt or your sentence. Do you understand that? |
| Defendant: | Yes, ma'am. |
| Court: | In a typical case where a defendant is charged and convicted and has a trial, if they don't like the work their lawyer has done, they can later challenge it by filing a separate lawsuit or a direct appeal. By the terms of this plea agreement you're giving up that right. Do you understand that? |
| Defendant: | Yes, ma'am. |
| Court: | Did anyone threaten you to get you to waive that right? |

| | |
|---|---|
| Defendant: | No, ma'am. |
| Court: | Did anyone promise you anything in exchange for it? |
| Defendant: | No, ma'am. |
| Court: | Now, you have signed a plea agreement. Do you have that in front of you? |
| Defendant: | Yes, ma'am. |
| Court: | If you look on the last page of it, you'll see a space for your signature above your typewritten name. Did you place your signature there? |
| Defendant: | Yes, ma'am. |
| Court: | Did you do so voluntarily? |
| Defendant: | Yes, ma'am. |
| Court: | Did anyone threaten you to get you to sign this document? |
| Defendant: | No, ma'am. |
| Court: | Did anyone promise you anything in exchange for your signature other than what's contained in the document? |
| Defendant: | No, ma'am. |
| Court: | Did you read it in its entirety before you signed it? |
| Defendant: | Yes, ma'am. |
| Court: | Did you have a full opportunity to discuss it with your lawyer before you signed it? |
| Defendant: | Yes, ma'am. |
| Court: | Did he answer all of your questions to your satisfaction? |
| Defendant: | Yes, ma'am. |
| Court: | Were you under the influence of drugs or alcohol when you signed it? |

Defendant: No, ma'am.

Court: Did you discuss the sentencing guidelines with your lawyer before you signed this document?

Defendant: Yes, ma'am.

Court: Do you feel you understand how those guidelines apply in your case?

Defendant: Yes, ma'am.

Court: Do you have any questions about the guidelines, the plea agreement, or the consequences generally of pleading guilty?

Defendant: No, ma'am.

. . .

Court: Now, let's turn a minute . . . to the waiver of your right to appeal, which should be on page 11 or 12 of your plea agreement. If you look at the bottom of page 11, you'll see there's a provision called the waiver of your right to appeal or collaterally challenge your sentence. As I explained to you when I was talking about [counsel]'s representation of you, in a typical case where a defendant is charged and convicted after jury trial or when a defendant pleads guilty without a plea agreement like this one, that defendant keeps the ability to challenge his or her conviction and sentence. There are two ways you can challenge it. You can file a separate lawsuit, what we call a collateral action, asking the court to look at what this court has done and how it's sentenced you or how your case was handled by your lawyer and the prosecution and so forth. Do you understand that?

Defendant: Yes, ma'am.

Court: You could also file what's called a direct appeal. There's a court that oversees this court to look at what the judges do here to make sure it's consistent with the law and the Constitution. You can file that direct appeal in many cases if you don't sign a plea agreement like this one. By signing this plea agreement you're giving up your right to file an appeal or collateral challenge to your sentence except for the limited reasons that are in this plea agreement. Do you understand that?

| | |
|---|---|
| Defendant: | Yes, ma'am. |
| Court: | The only time you could file an appeal or challenge of your sentence would be if the sentence exceeds the applicable guideline range as is set forth on the next page. That is, once the judge sets your guidelines, if he were to sentence you above that range, then you could file an appeal of your sentence. Second, if the sentence is higher than the ten-year maximum, then you could appeal your sentence or challenge your sentence by filing a separate lawsuit. And lastly, if the sentence violates the Eighth Amendment to the Constitution, which protects people against cruel and unusual punishment, then you could file an appeal of your sentence claiming that your sentence was in - - cruel and unusual in violation of the Constitution. And then finally, if the Government thought your sentence was wrong and it filed an appeal, then you would be able to file your own cross-appeal challenging your sentence as well. Do you understand that? |
| Defendant: | Yes, ma'am. |
| Court: | Now, if you look on the - - page 11, you'll see that you have agreed that the court has jurisdiction and authority to impose any sentence up to the statutory maximum sentence, and you expressly give up the right to appeal or challenge your sentence on any ground other that the ones in this plea agreement, including on the ground that the court made a mistake in calculating your guidelines. Do you understand that? |
| Defendant: | Yes, ma'am. |
| Court: | Did anyone threaten you to get you to waive that right? |
| Defendant: | No, ma'am. |
| Court: | Did anyone promise you anything in exchange for that waiver other than what's in this plea agreement? |
| Defendant: | No, ma'am. |
| Court: | Now, if you'll turn back to the first page of the plea agreement, you'll see there the offense that you've agreed to plead to. And that is Count I of the Indictment, which charges you with being a felon in possession of a firearm, in violation of federal law. Do you |

|  |  |
|---|---|
| | understand that charge? |
| Defendant: | Yes, ma'am. |

. . .

|  |  |
|---|---|
| Court: | Sir, did anyone make any promise to you that you're relying upon in pleading guilty that's not in this plea agreement? |
| Defendant: | No, ma'am. |
| Court: | Has anyone told you they can tell you exactly what your sentence will be? |
| Defendant: | No, ma'am. |

. . .

|  |  |
|---|---|
| Court: | This again is a felony offense. Once you're adjudicated, you will again be a convicted felon, losing any rights that have been restored to you, including the right to vote, hold public office, serve on a jury, or again ever carry a firearm. Do you understand that? |
| Defendant: | Yes, ma'am. |

. . .

|  |  |
|---|---|
| Court: | Now, the penalties for this offense are set forth, as we've discussed generally, on page 1 of the plea agreement. Count I is punishable by up to ten years, a $250,000 maximum fine, a term of supervised release of three years, and a special assessment of $100 due on the date of sentencing. Do you understand that? |
| Defendant: | Yes, ma'am. |

. . .

|  |  |
|---|---|
| Court: | All right. Mr. Ross, even though we have gone through most of this plea colloquy, you still have the right to tell me you have changed your mind and do not wish to plead guilty. If you were to tell me that, I will stop this hearing and very shortly there will be a jury trial convened, the district judge will preside over that trial. A minimum of 12 people would serve as your jury. The duty of the jury will be to |

|   |   |
|---|---|
|   | listen to the evidence to determine whether the Government could prove your guilt beyond a reasonable doubt. You would not have to prove your innocence. The Government would have to prove your guilt. If any one member of the jury found that the Government's evidence was not sufficient to prove your guilt, you could not be convicted because there has to be unanimous agreement in order for you to be convicted of this felony. Do you understand that? |
| Defendant: | Yes, ma'am. |
| Court: | If the Government brought witnesses to testify against you, you would have the right to confront those witnesses by having your lawyer cross-examine them. If you wanted to bring your own witnesses but could not pay the witness fee, the court will pay the witness fee for relevant witnesses to appear to testify. If you wanted to testify, you will be allowed to testify. If you chose not to testify, no one could force you to testify, and no one could assume you were guilty just because you chose not to testify. If you could not afford a lawyer, the court will continue to afford you the right to counsel as it has to this point. Do you understand that? |
| Defendant: | Yes, ma'am. |
| Court: | Do you understand, sir, that by pleading guilty in this case you're giving up your right to jury trial as I've described it? |
| Defendant: | Yes, ma'am. |
| Court: | And I can't remember whether I told you this. But if you chose not to testify the judge would tell the jury it could not assume your guilt from your decision not to testify. Do you understand that? |
| Defendant: | Yes, ma'am. |
| Court: | Now, in addition to getting you to agree to plead guilty, the Government has to satisfy the court that it could prove this charge against you if it were to go forward to trial. To do so there are certain minimum proofs that must be met. And those are on page 2 of the plea agreement. We call them the elements of the offense. In this case the Government would have to prove the following: That you knowingly possessed a firearm in or affecting interstate or foreign commerce as charged, and that before you possessed the firearm you had been convicted in a court of a crime punishable by imprisonment |

|  |  |
|---|---|
|  | for a term in excess of one year, that is a felony offense. Do you understand those elements? |
| Defendant: | Yes, ma'am. |
| Court: | At this time [the prosecutor] is going to tell the court what the facts are that support this charge. He's going to read from the plea agreement most likely. So if you have a dispute about the facts, you need to listen carefully so you can let me know at that time of his completion of reading. These facts will be used by me to decide whether these elements can be met. But more importantly, they will be used by the district judge [and] the office of probation in deciding what sort of sentence to impose against you or to recommend. Do you understand that? |
| Defendant: | Yes, ma'am. |
| . . . |  |
| [Prosecutor]: | Your Honor, if this case was to proceed to trial, the United States would present evidence to establish the following facts: That the defendant is a 31-year old male. That he has prior felony convictions for aggravated fleeing and attempting to elude a police officer, resisting arrest with violence, grand theft, and dealing in stolen property. He has never obtained a restoration of his right to possess firearms. On May 2, 2008, Lieutenant Breakstone of the Sarasota Police Department received information from a confidential informant that Julius Ross was in possession of firearms, and that the same were being kept by the defendant in his vehicle under some blankets on the back seat. The defendant and his vehicle were located at a park located at the entrance of Newton Estates located at 2800 Newton Boulevard in Sarasota, Florida, within the Middle District of Florida. The officer responded to the park and kept the defendant under surveillance until marked units arrived. Members of the sheriff's office walked by the car to observe the inside. They saw the blankets that had been described by the confidential informant and transmitted this information to the other officer via radio. Once the marked units arrived, Breakstone directed the officers to detain the defendant. When the defendant was detained, he dropped his car keys away. The officer searched the car and found one loaded SKS Norinco rifle and a Remington 16-gauge shotgun in the trunk. He took the defendant into custody and after reading him his rights, [defendant] gave a full confession which was recorded. The firearms |

|  |  |
|---|---|
|  | at issue in this case were submitted to the Bureau of Alcohol, Tobacco, Firearms & Explosives. An ATF agent duly qualified to analyze firearms determined that both firearms seized from the defendant had traveled in interstate or foreign commerce and that both met the definition of a firearm. Those are the facts in this case, Your Honor. |
| Court: | Thank you. Mr. Ross, have you heard the facts as they have been stated? |
| Defendant: | Yes, ma'am. |
| Court: | Are these facts true? |
| Defendant: | There's only one thing. They said that the - - the gun was loaded. It wasn't loaded. That's the only thing that - - |
| Court: | Other than that fact, do you have any dispute about the facts? |
| Defendant: | No, ma'am. |
| Court: | Do you agree that with these facts, even without the gun being loaded, that the Government would be able to prove those elements that I read to you a couple of moments ago? |
| Defendant: | Yes, ma'am. |
| . . . |  |
| Court: | All right. Mr. Ross, to this point, sir, are you prepared to enter a plea of guilty? |
| Defendant: | Yes, ma'am. |
| Court: | Do you need any additional time to talk to your lawyer? |
| Defendant: | No, ma'am. |
| Court: | You understand, sir, that once you enter this plea and it's accepted by the district judge, it is virtually impossible for you to withdraw it or challenge it? |
| Defendant: | Yes, ma'am. |

| | |
|---|---|
| Court: | Are you making this decision, sir, of your own free will and volition? |
| Defendant: | Yes, ma'am. |

. . .

| | |
|---|---|
| Court: | Are you pleading guilty, sir, because you are guilty? |
| Defendant: | Yes, ma'am. |
| Court: | You may be seated. Based upon my consideration of the defendant's demeanor, his answers to my questions, my consideration of the facts, and the defendant's acceptance of the truth of those facts, I find that Mr. Ross is competent. His plea is knowing, intelligent, and voluntary and is fully supported by the facts necessary to meet the legal elements. As a result I will recommend that your plea be accepted. I will do that today. You will have ten days from today's date to object to that report and recommendation. If you fail to object or choose not to object, in all likelihood your plea will be accepted and you will not later be heard to object to the report and recommendation. So you understand that? |
| Defendant: | Yes, ma'am. |

(CR Dkt. 62, pp. 4-9, 14-17, 23-35).

"For a guilty plea to be entered knowingly and intelligently, 'the defendant must have not only the mental competence to understand and appreciate the nature and consequences of his plea but he also must be reasonably informed of the nature of the charges against him, the factual basis underlying those charges, and the legal options and alternatives that are available.'" *Finch v. Vaughan*, 67 F.3d 909, 914 (11th Cir. 1995) (quoting *Stano v. Dugger*, 921 F.2d 1125, 1142 (11th Cir. 1991)). *See also United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005) ("A court accepting a guilty plea must comply with Rule 11 and specifically address three 'core principles,' ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea."). "[T]he representations of the

defendant [at a Rule 11 plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Such representations are presumptively trustworthy and considered conclusive absent compelling evidence to the contrary.

Aside from his own self-serving allegation, Petitioner produces no evidence to substantiate his claim that he involuntarily entered his guilty plea. Petitioner signed the written plea agreement in which he admitted that he entered his plea freely and voluntarily without threat or coercion.[3] During the plea colloquy the magistrate judge advised Petitioner of the nature and elements of the charged offense, the factual basis for the plea, the terms of the plea agreement, the rights he forfeited by pleading guilty, and the possible sentence he faced. Petitioner averred under oath that he

---

[3] Paragraph 8 of the plea agreement states:

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel(if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

(CR Dkt. 28, pp. 12-13).

understood each of these provisions and averred both that he was satisfied with counsel's representation and that no threats or promises were made to him to induce his plea. Petitioner admitted that he was, in fact, guilty of the charged offense and that it was his decision to enter his plea. Petitioner's sworn statements at the plea colloquy and the sentencing hearing, as well as his signature on the plea form demonstrate the knowing and voluntary nature of his plea. He fails to present any evidence to the contrary. Petitioner had an opportunity to address the court both at the plea colloquy and at sentencing but made no mention of any alleged threat to his mother or alerted the court that counsel allegedly coerced him into entering his plea. Petitioner presents no evidence that he did not want to proceed with his plea or that he wanted to withdraw his plea before sentencing. His unsubstantiated allegations in this motion to vacate fail to overcome the strong presumption of verity afforded his sworn statements made during the plea colloquy. *Blackledge v. Allison*, 431 U.S. at 73-74. Petitioner knowingly and voluntarily entered his guilty plea and his unsupported allegations to the contrary warrant no federal relief.

**Grounds One, Two and Three**

In ground one Petitioner alleges that his trial counsel rendered ineffective assistance by failing to "to address the illegal arrest of Petitioner during the initial stages of [the] police investigation." Petitioner argues that the police lacked probable cause to arrest him and that evidence discovered in a post-arrest search was illegally obtained. Petitioner faults counsel for failing to challenge both his arrest and the admissibility of the allegedly illegally obtained evidence. In ground two Petitioner alleges that his trial counsel rendered ineffective assistance by failing to "address the illegal second bodily search of Petitioner by police placing their hands into Petitioner's pants pockets during the initial stages of the investigation" (CV Dkt. 19, p. 5). In ground three

Petitioner contends that counsel rendered ineffective assistance by failing to "challenge [the] Government's opposition to Petitioner's motion to suppress [the] vehicle search by supplemental brief and failed to reserve Petitioner's right to appeal [the] court's findings and conclusions of the suppression hearing within Petitioner's plea agreement" (CV Dkt. 19, p. 8).

A voluntary and intelligent guilty plea forecloses federal collateral review of alleged constitutional errors preceding the entry of the plea. *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973); *Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992). Petitioner's claims allege ineffective assistance rendered before entry of his guilty plea. His knowing and voluntary plea waived his antecedent non-jurisdictional claims because the claims do not implicate the validity of the plea. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000), *cert. denied*, 531 U.S. 919 (2000). Moreover, Petitioner acknowledged during the plea colloquy that he freely and voluntarily waived his right to collaterally attack his sentence on ineffective assistance grounds.[4] Consequently, Petitioner's claims relating to pre-plea ineffectiveness raised in grounds one, two, and three are not cognizable on collateral attack in this motion to vacate.[5]

---

[4] An appeal waiver in a plea agreement is enforceable if the waiver is made knowingly and voluntarily. *United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001); *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). An appeal waiver will be enforced if the Government demonstrates either: (1) that the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) that the record clearly shows that the defendant otherwise understood the full significance of the waiver. *United States v. Williams*, 396 F.3d 1340, 1341 (11th Cir. 2005); *United States v. Buchanan*, 131 F.3d 1005, 1008 (11th Cir. 1997). A knowing and voluntary waiver precludes a defendant from collaterally attacking his conviction in a Section 2255 motion. *United States v. Williams*, 396 F.3d at 1342. During his plea colloquy Petitioner specifically averred that he understood the consequences of the appeal waiver, including the provision barring a collateral attack. Petitioner makes no argument that any of the exceptions specified in the appeal waiver apply to permit collateral review of his claims. Consequently, grounds one, two and three are barred from federal review in this Section 2255 motion.

[5] Petitioner states in grounds one, two and three that "absent counsel's errors and advice, [he] would not have pleaded guilty but would have insisted on going to trial and there is a reasonable probability that the outcome would have been different" (CV Dkt. 20, pp. 7, 8, 12). However, he neither alleges nor demonstrates that any of the alleged errors by counsel presented in grounds one, two or three bore upon the voluntariness of his plea.

**Ground Four**

Petitioner contends that his trial counsel rendered ineffective assistance by failing to file a notice of appeal after Petitioner instructed counsel to do so. Petitioner argues that "he requested that his counsel file a notice of appeal to pursue Petitioner's appellate rights and challenge the court's findings and conclusions on the Petitioner's suppression hearing" (CV Dkt. 20, p. 12).

*Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland v. Washington*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims v. Singletary*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland v. Washington*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of

the particular case, viewed as of the time of counsel's conduct." *Strickland v. Washington*, 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland v. Washington*, 466 U.S. at 690.

The *Strickland* "test applies to claims, like [Petitioner's], that counsel was constitutionally ineffective for failing to file a notice of appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). "In the context of such a claim, a petitioner can establish that his attorney acted in a professionally unreasonable manner either by showing that counsel 'fail[ed] to follow the defendant's express instructions with respect to an appeal' or by showing that, in the absence of specific instructions from the petitioner, there was reason to believe that 'a rational defendant would want to appeal.'" *Cunningham v. United States*, 2010 WL 1852650 at *2 (11th Cir. 2010) (unpublished) (quoting *Roe v. Flores-Ortega*, 528 U.S. at 477). To satisfy *Strickland's* prejudice prong, "a defendant who shows that his attorney has ignored his wishes and failed to appeal his case need only demonstrate that, but for the attorney's deficient performance, he would have appealed." *Gomez-Diaz v. United States*, 433 F.3d 788, 792 (11th Cir. 2005).

The appeal waiver in Petitioner's plea agreement does not preclude him from filing a Section 2255 motion to challenge counsel's failure to file a notice of appeal. *Gomez-Diaz v. United States*, 433 F.3d at 793-95. The record neither confirms nor refutes Petitioner's claim that he instructed counsel to file an appeal. Section 2255 requires a district court to grant an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C.§ 2255(b). Where, as here, a decision on counsel's ineffectiveness for failure to file a notice of appeal requires a credibility determination and the pleadings are

insufficient to establish the content of the communications between a defendant and his counsel, an evidentiary hearing is necessary. *Gomez-Diaz v. United States*, 433 F.3d at 792. *See also* Rule 8, Rules Governing Section 2255 Proceedings.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1) Grounds 1, 2, 3, and 5 of Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. 19) are **DENIED** and **DISMISSED**;

2) This case is scheduled for an evidentiary hearing on Ground 4 only on **September 14, 2010, at 2:00 P.M.**

3) The Government is directed to immediately issue a writ to secure Petitioner's presence at said hearing. The writ shall be provided to the U.S. Marshal's Office with a copy to chambers.

4) The Government is directed to subpoena Petitioner's defense counsel in the underlying criminal action, Thomas Ostrander, Esq., to appear at said hearing.

5) This matter is referred to Magistrate Judge Thomas G. Wilson for immediate appointment of counsel for Petitioner.

**DONE AND ORDERED** in chambers this 9th day of AUGUST, 2010.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Petitioner, *pro se*
Counsel of record